IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE: | § | |
|---|---|---|
| UNIVERSITY DIRECTORIES, LLC | § | CASE NO. 14-81184 |
| PRINT SHOP MANAGEMENT, LLC | § | CASE NO. 14-81180 |
| VILCOM, LLC | § | CASE NO. 14-81177 |
| VILCOM INTERACTIVE MEDIA, LLC | § | CASE NO. 14-81181 |
| VILCOM PROPERTIES, LLC | § | CASE NO. 14-81179 |
| VILCOM REAL ESTATE DEVELOPMENT (VRD), LLC | § | CASE NO. 14-81182 |
| DEBTORS. | § | CHAPTER 11 |

## UDX'S OBJECTION AND RESPONSE TO DEBTORS' JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL

COMES NOW, creditor UDX, LLC ("UDX") and files this objection (the "Objection") to the Motion of UNIVERSITY DIRECTORIES, LLC ("University Directories"), VILCOM, LLC ("Vilcom"), VILCOM INTERACTIVE MEDIA, LLC ("VIM"), VILCOM PROPERTIES, LLC ("VP"), PRINT SHOP MANAGEMENT, LLC ("Print Shop"), and VILCOM REAL ESTATE DEVELOPMENT, ("VRD" and together with University Directories, Vilcom, VIM, Print Shop, and VP, the "Debtors") seeking authority to use cash collateral. In support of the Objection, the Creditor respectfully states as follows:

### PROCEDURAL BACKGROUND

1. On October 24, 2014 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors filed their Joint Motion for Authority to Use Cash Collateral on

UDX, LLC's OBJECTION TO JOINT MOTION FOR AUTHORITY TO USE CASH COLLATERAL

October 24, 2014 (the "Motion").

3. Debtors' Motion is set for hearing in this Court on October 28, 2014.

## FACTUAL BACKGROUND

4. Harrington Bank, FSB ("Bank") is a North Carolina bank which was acquired through merger by Bank of North Carolina in 2014. Debtors entered into a series of loan agreements, security agreements and promissory notes with Harrington Bank, FSB prior to the merger (the "Loan Agreements"). The indebtedness called for in the Loan Agreements is secured by the granting of liens and security interests in certain property of the Debtors (the "Collateral"). The Collateral is fully described in the Loan Agreements, but generally, the Debtors granted security interests/liens in all of Debtors' business assets, including cash and cash equivalents, and the assets of certain affiliates who are not named Debtors, as well as certain pieces of real property.

5. On October 10, 2014, UDX purchased from Bank of North Carolina ("BONC"), BONC's position in certain of the Loan Agreements with the Debtors. Also on October 10, 2014, Southland National Insurance Corporation ("SNIC") purchased from BONC, BONC's position in the VRD Loan Agreements. On October 21, 2014, UDX purchased from SNIC, SNIC's position in the VRD Loan Agreements. UDX is now the owner and holder of all of the Loan Agreements.

6. Prior to the Petition Date, Debtors committed multiple defaults and breaches of the Loan Agreements. Also prior to the Petition Date, UDX filed suit against Debtors, and James Heavner in the Superior Court of Durham County, North Carolina to recover damages and equitable relief for common law breach of contract, injunctive relief, claim and delivery, attachment and receivership. That state court proceeding is now stayed as to the Debtors.

## OBJECTION

7.     The Debtors propose to use UDX's cash collateral pursuant to the Motion. UDX has not consented to such use. No budgets or detail regarding Debtors' proposed use of cash collateral were attached to the Motion, and UDX is completely incapable of analyzing the relief requested.

8.     Neither VP nor VRD appear to be operating entities. They have no need for authorization to use cash collateral in their cases.

9.     Upon information and belief, all of the Debtors operate cash flow negative. The Motion fails to provide adequate protection for UDX to offset what will certainly be a diminution of its cash collateral if the Motion is granted.

10.    The Motion purports to seek an unlimited carve out for professional fees and expenses to be incurred by the Debtors during the cases. UDX does not consent to provide a back stop for the Debtors' professional fees or any other administrative expenses, especially in light of the fact that Debtors have indicated an intention to initiate an adversary proceeding against UDX for claims that will be shown to be wholly without merit.

11.    The Motion purports to seek a use of cash collateral on a consolidated basis. To the extent one Debtor intends to use the cash collateral of another Debtor for its operations, the Motion should be denied. The Debtors are not seeking to be substantively consolidated. Consolidating the cash of the various Debtors under the Motion should not be allowed.

12.    Vilcom appears to be a management company that provides back office services to UD, and perhaps other Debtors. There is no motion pending to assume any management contract between Vilcom and any other Debtors. There is no evidence that Vilcom has any

business operations outside of the services it provides to other Debtors. Absent such, Vilcom has no means to adequately protect UDX and no need for the use of cash collateral.

WHEREFORE, for the reasons set forth herein, UDX respectfully requests that this Court deny Debtors' Motion seeking to use cash collateral, and grant UDX such other relief as is just and proper.

Dated: October 27, 2014

Durham, North Carolina

        **ANDERSON JONES, PLLC**

        */s/ Lindsey E. Powell*

        Lindsey E. Powell, NCSB #39993
        P.O. Box 20248
        Raleigh, NC 27619
        Telephone: 919-277-2541
        Facsimile: 919-277-2544
        Email: lpowell@andersonandjones.com

        and
        Aaron Z. Tobin
        Texas Bar No. 24028045
        atobin@andersontobin.com
        J. Seth Moore
        Texas Bar No. 24027522
        smoore@andersontobin.com
        Anderson Tobin, PLLC
        One Galleria Tower
        13355 Noel Rd., Ste. 1900
        Dallas, Texas 75240
        Telephone: (972) 789-1160
        Facsimile: (972) 789-1606
        *Pro hac vice motions pending*

        ATTORNEYS FOR UDX, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following, and all other parties who have filed a notice of appearance:

    John A. Northen
    Vicki L. Parrott
    Northen Blue, LLP
    P.O. Box 2208
    Chapel Hill, NC 27514-2208

Signed this the 27th day of October 2014.

                                              /s/ Lindsey E. Powell
                                              Lindsey E. Powell