IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE: | § | CASE NO. 14-81184 |
|---|---|---|
| | § | |
| UNIVERSITY DIRECTORIES, LLC, et al | § | (Consolidated for Purposes of |
| | § | Administration) |
| DEBTORS. | § | CHAPTER 11 |

### UDX'S OBJECTION AND RESPONSE TO
### DEBTORS' JOINT MOTION TO AUTHORIZE
### INTERCOMPANY POST-PETITION FINANCING

COMES NOW, creditor UDX, LLC ("UDX") and files this objection (the "Objection") to the Joint Motion to Authorize Intercompany Post-Petition Financing (the "Motion") filed by the Debtors. In support of the Objection, UDX respectfully states as follows:

### PROCEDURAL BACKGROUND

1. On October 24, 2014 (the "Petition Date"), UNIVERSITY DIRECTORIES, LLC ("UD"), VILCOM, LLC ("Vilcom"), VILCOM INTERACTIVE MEDIA, LLC ("VIM"), VILCOM PROPERTIES LLC ("VP"), PRINT SHOP MANAGEMENT, LLC ("Print Shop"), and VILCOM REAL ESTATE DEVELOPMENT ("VRD" and together with UD, Vilcom, VIM, VP, and Print Shop the "Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors filed their Joint Motion to Authorize Intercompany Post-Petition Financing on December 5, 2014. A hearing on the Motion is scheduled for January 5, 2015.

### FACTUAL BACKGROUND

3. Harrington Bank, FSB ("Bank") is a North Carolina bank which was acquired through merger by Bank of North Carolina in 2014. Debtors entered into a series of loan agreements, security agreements and promissory notes with Harrington Bank, FSB prior to the

merger (the "Loan Agreements"). The indebtedness called for in the Loan Agreements is secured by the granting of liens and security interests in certain property of the Debtors (the "Collateral"). The Collateral is fully described in the Loan Agreements, but generally, the Debtors granted security interests/liens in all of Debtors' business assets, including cash and cash equivalents, and the assets of certain affiliates who are not named Debtors, as well as certain pieces of real property.

4. On October 10, 2014, UDX purchased from Bank of North Carolina ("BONC"), BONC's position in certain of the Loan Agreements with the Debtors. Also on October 10, 2014, Southland National Insurance Corporation ("SNIC") purchased from BONC, BONC's position in the VRD Loan Agreements. On October 21, 2014, UDX purchased from SNIC, SNIC's position in the VRD Loan Agreements. UDX is now the owner and holder of all of the Loan Agreements.

5. Prior to the Petition Date, Debtors committed multiple defaults and breaches of the Loan Agreements. Also prior to the Petition Date, UDX filed suit against Debtors, and James Heavner in the Superior Court of Durham County, North Carolina to recover damages and equitable relief for common law breach of contract, injunctive relief, claim and delivery, attachment and receivership.

**OBJECTION**

6. The Motion is unnecessary as the funds that VRD proposes to lend to the other debtors pursuant to the Motion is subject to the liens of UDX and constitutes UDX's cash collateral. The Debtors filed their Joint Motion for Authority to Use Cash Collateral on October 24, 2014 (the "CC Motion"). UDX has objected to the CC Motion. The only analysis that is proper with respect to the use of the funds, is the analysis under section 363 of the Bankruptcy

Code, which the Court will employ for the CC Motion. Analysis under section 364, which the Debtors ask the Court to employ for the Motion, is improper as the funds to be used are not VRD's to lend. As such, the filing of the Motion would appear to be either i) an admission by the Debtors that the relief requested under the CC Motion should be denied, and thus the Motion is nothing other than a second bite at that particular apple, or ii) an admission by the Debtors that one or more of them will not be able to reorganize using its own assets, and thus the Motion is nothing other than an attempt at a de facto substantive consolidation so that the struggling debtors can use the cash collateral of VRD. The Debtors have only been consolidated for administrative purposes. Administration consolidation is designed to promote procedural convenience and cost efficiencies which do not affect the substantive rights of creditors or the respective estates. *See Unsecured Creditors Committee v. Leavitt Structural Tubing Co.*, 55 Bankr. 710 (N.D. Ill. 1985), aff'd, 796 F.2d 477 (7th Cir. 1986). Consolidating the assets of the various Debtors under the Motion should not be allowed.

7. VRD, the debtor wishing to be the lender under the Motion, is not an operating entity. It has no need for the use of cash collateral in its case, much less to use it to lend to the other debtors. VRD does not have revenue or any business operations. It will not create new cash or accounts receivable post petition. This being the case, VRD cannot provide adequate protection for UDX to offset what will certainly be a diminution of its cash collateral if the Motion is granted.

8. The funds VRD seeks to loan under the Motion are proceeds from the sale of UDX's collateral. Over UDX's objection, these proceeds were ordered to be held in escrow. VRD does not have a superior right to the proceeds unless and until it succeeds on the equitable subordination claim it has asserted against UDX in the adversary proceeding. To allow VRD to

loan these proceeds under the Motion is to grant it a remedy it seeks in the adversary proceeding before UDX has even been allowed to answer.

9. VP is not an operating entity. Vilcom appears to be a management company that has no operations other than back office services to the other debtors. There is no management contract between Vilcom and any of the other debtors. Neither VP nor Vilcom has any revenue. Neither VP nor Vilcom will create new cash or accounts receivable during the course of their bankruptcy cases. Neither has any need to use cash collateral during their cases, and could not adequately protect UDX if they did have such a need, and therefore, neither has any need for the backdoor request to use cash collateral that the purported financing called for in the Motion represents.

10. The Motion seeks to use UDX's cash collateral for professional fees and expenses to be incurred by the Debtors during their cases. UDX does not consent to provide a back stop for the Debtors' professional fees or any other administrative expenses, especially in light of the fact that Debtors have initiated an adversary proceeding against UDX for claims that will be shown to be wholly without merit. As a general rule, post-petition administrative expenses, including attorney's fees, may not be charged to or against secured collateral. *Precision Steel Shearing v. Fremont Fin. Corp. (In re Visual Indus.)*, 57 F.3d 321, 324 (3d Cir. 1995); *TNB Fin., Inc. v. James F. Parker Interests (In re Grimland, Inc.)*, 243 F.3d 228; 233 (5th Cir. 2001). UDX has not consented to a carve out for administrative expenses, so its' collateral may only be charged for administrative expenses under Bankruptcy Code section 506 (a request which is not before the Court), and only to the extent these expenses directly benefited UDX. *See Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortg. Corp. (In re Blackwood Assocs., L.P.)*, 153 F.3d 61, 68 (2d Cir. 1998); *General Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff*

*Foodservice Corp.)*, 739 F.2d 73, 76 (2d Cir. 1984); *see also In re Cal. Webbing Indus., Inc.*, 370 B.R. 480, 486 (Bankr. D. R.I. 2007) (refusing to use secured creditor's cash collateral to pay legal fees for the debtor and creditors' committee where the secured creditor did not consent); *In re Ranch Partners, Ltd.*, 146 B.R. 833 (D. Colo. 1992) (debtor prohibited from paying bankruptcy professional fees out of secured creditor's cash collateral).

WHEREFORE, for the reasons set forth herein, UDX respectfully requests that this Court deny the Motion, and grant UDX such other relief as is just and proper.

Dated: December 19, 2014
      Durham, North Carolina

**ANDERSON JONES, PLLC**

/s/ Lindsey E. Powell
Lindsey E. Powell, NCSB #39993
P.O. Box 20248
Raleigh, NC 27619
Telephone: 919-277-2541
Facsimile: 919-277-2544
Email: lpowell@andersonandjones.com

and

**ANDERSON TOBIN, PLLC**

/s/ J. Seth Moore
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@andersontobin.com
J. Seth Moore
Texas Bar No. 24027522
smoore@andersontobin.com
Anderson Tobin, PLLC
One Galleria Tower
13355 Noel Rd., Ste. 1900
Dallas, Texas 75240
Telephone: (972) 789-1160
Facsimile: (972) 789-1606
*Admitted Pro hac vice*
ATTORNEYS FOR UDX, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following, and all other parties who have filed a notice of appearance:

| | |
|---|---|
| University Directories, LLC<br>88 Vilcom Center Dr., Suite 160<br>Chapel Hill, NC 27514-1666 | John A. Northen/Vicki L. Parrott<br>John Paul H. Cournoyer<br>Northen Blue, LLP<br>P.O. Box 2208<br>Chapel Hill, NC 27515-2208 |
| William P. Miller<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Mitchell A. Tuchman<br>Womble Carlyle Sandridge & Rice, LLP<br>2530 Meridian Parkway, Ste. 400<br>Durham, NC 27713 |
| Action Printing<br>Attn: Managing Agent<br>N6637 Rolling Meadows Drive<br>Fond du Lac, WI 54936 | Wells Fargo Bank, NA<br>Attn: Linda Weidner, CRT Group<br>100 E. Wisconsin Ave., Suite 1680<br>Milwaukee, WI 53202 |
| Alpert Family Foundation<br>Attn: Managing Agent<br>12802 N. Scottsdale Road<br>Scottsdale, AZ 85254 | Ripon Printers<br>Attn: Managing Agent<br>P.O. Box 6<br>Ripon, WI 54971-0006 |
| Dara Caricofe<br>1113 Smokewood Drive<br>Apex, NC 27502 | United Graphics, Inc.<br>Attn: Managing Agent<br>2916 Marshall Avenue<br>Mattoon, IL 61938 |
| Hess Print Solutions<br>Attn: Managing Agent<br>2765 Sunnybrook Road<br>Brimfield, OH 44194 | University of Alabama-Tuscaloosa<br>Attn: Managing Agent<br>117 Rose Administration Building<br>Tuscaloosa, AL 35487 |
| The College of William and Mary<br>Attn: Managing Agent<br>Jones Hall, Room 12<br>Williamsburg, VA 23185 | Western Michigan University<br>Attn: Managing Agent<br>300 E. Wallwood Hall<br>Kalamazoo, MI 49008 |

| | |
|---|---|
| University of Virginia<br>Attn: Managing Agent<br>1001 North Emmet Street<br>Charlottesville, VA 22904 | University of Texas at Austin<br>Attn: Managing Agent<br>100 W. Dean Keeton, A5800<br>Austin, TX 78713 |
| North Carolina State University<br>Attn: Managing Agent<br>CB 7208<br>Raleigh, NC 27695 | CMI-Credit Mediators, Inc.<br>Attn: Managing Agent<br>P.O. Box 456<br>Upper Darby, PA 19082-0456 |
| University of Wisconsin – Milwaukee<br>Attn: Managing Agent<br>3203 N Downer Avenue<br>Milwaukee, WI 53211 | University of Wisconsin-Stevens Pt<br>Attn: Managing Agent<br>900 Reserve Street<br>Stevens Point, WI 54481 |
| Central Michigan University<br>Attn: Managing Agent<br>West Hall 201<br>Mt. Pleasant, MI 48859 | BCG Systems, Inc.<br>Attn: Managing Agent<br>1735 Merriman Road<br>Akron, OH 44313-9007 |
| University of Iowa Student Services<br>Attn: Belinda Marner<br>249 Iowa Memorial Union<br>Iowa City, IA 52245 | Bank of North Carolina<br>Attn: George F. Sanderson III<br>Lauren A. Golden<br>Ellis & Winters, LLP<br>P.O. Box 33550<br>Raleigh, NC 27615 |
| Edward S. Holmes, Jr.<br>Attn: William C. Smith, Jr.<br>Manning, Fulton & Skinner, P.A.<br>P.O. Box 20389<br>Raleigh, NC 27619-0389 | The University of Iowa<br>Attn: Gay D. Pelzer, Deputy General Counsel<br>Office of General Counsel<br>120 Jessup Hall<br>Iowa City, IA 52242-1316 |
| Madison University Mall, LLC<br>Attn: John H. Capitano<br>2600 One Wachovia Center<br>301 S. College Street<br>Charlotte, NC 28202-6038 | The Official Committee of<br>Unsecured Creditors<br>Terri L. Gardner<br>Nelson Mullins Riley & Scarborough LLP<br>4140 Parklake Ave.<br>Raleigh, NC 27612 |

Signed this the 19th day of December 2014.

           /s/ J. Seth Moore
           J. Seth Moore