UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:

UNIVERSITY DIRECTORIES, LLC, *et al.*,

DEBTORS.

CASE NO. 14-81184
(CONSOLIDATED FOR PURPOSES OF ADMINISTRATION ONLY)
CHAPTER 11

**RESPONSE BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF UNIVERSITY DIRECTORIES, LLC TO THE JOINT MOTION TO AUTHORIZE INTERCOMPANY POST-PETITION FINANCING**

The Official Committee of Unsecured Creditors of University Directories, LLC (the "Committee") hereby responds to the Joint Motion filed by the Debtors seeking intercompany post-petition financing (the "Joint Motion"). In support of this Response, the Committee shows as follows:

## BACKGROUND

1. On October 24, 2014 (the "Petition Date"), the Debtors[1] each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue in possession of their property and the management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in their cases.

3. This Court entered an order allowing joint administration of the Debtors' cases on October 28, 2014.

4. On November 10, 2014, an Order Appointing Committee of Unsecured Creditors was entered in the case filed by University Directories, LLC ("UD").

---

[1] The Debtors are University Directories, LLC, Vilcom, LLC, Vilcom Properties, LLC, Vilcom Real Estate Development, LLC, Vilcom Interactive Media, LLC and Print Shop Management, LLC.

5. The Debtors have filed the Joint Motion seeking approval to borrow up to $1,000,000 (the "Loan") from Vilcom Real Estate Development, LLC ("VRD") to supplement revenues and pay the on-going cost of operating, preserving, and protecting the business and property of the estates as well as costs of administration. The Debtors propose to fund the Loan from VRD real estate proceeds that the Court has ordered to be escrowed. UDX, LLC ("UDX") claims that it is secured by the escrowed real estate proceeds.

6. The Debtors have illustrated in the Joint Motion that the various assets owned by the Debtors that serve as collateral for UDX have a realizable value that is more than sufficient to protect the interest of UDX if limited funds are used by the Debtors. The Committee agrees with this analysis.

7. The Debtors propose that the interest of VRD in the loaned funds will be protected by a super-priority administrative claim under section 364(d)(1) that would be subordinate to quarterly fees due from the respective borrowing Debtor and certain professional fees in the aggregate of $125,000 for Debtor's counsel and $25,000 for Committee Counsel.

8. The Committee supports the financing but has several concerns. First, the Committee does not believe financing should be provided at this time to any entity other than Vilcom and UD. All of the Debtors other than Vilcom and UD either have no operating expenses (VP and VRD) or have income and should be able to operate (VIM and Print Shop) without losses pending confirmation of a Joint Plan of Reorganization or Plan wherein all or some of the Debtors may be substantively consolidated[2]. Vilcom and UD have value which must be maintained in order to sell the assets of these entities as a going concern. A much higher value can be achieved if the sale occurs with employees in place, considering that UD is a

---

[2] The Debtors have filed a Motion seeking substantive consolidation, but the Committee believes that consolidation is premature at this time.

service business. Hopefully, by the hearing on the Joint Motion, the terms of a sale of UD will be more definite, and UD will be proceeding to obtain Court approval through a Plan or Motion.

9. Regarding financing for Vilcom and UD, it appears that these entities have been able to manage their cash flow very well during the chapter 11 case. During the week of December 15, 2014, Vilcom and UD projected net cash flow of $14,000 but had net cash flow of $85,000. The ending balance as of December 22 was $275,133. The need for funding should be minimized if a sale process moves along quickly.

10. Rather than obtain a $1,000,000 line of credit from VRD, the Committee believes that UD and Vilcom should only be allowed to borrow what is needed to operate during the month of January 2015. If the Debtors either file a Plan of Reorganization or a Motion to sell their assets no later than January 23, 2015, the Committee believes that additional funding should be approved to assist Vilcom and UD through a closing of a sale which should occur no later than March 15, 2015. The Committee has discussed with the Bankruptcy Administrator and Debtors' counsel the concept of a conditionally approved Disclosure Statement that will expedite the confirmation process.

11. Ultimately, when a sale occurs, the Committee understands the need for costs related to the VRD and VP cases to be paid and believes that the payment may be accomplished through a proposed settlement by and among the various Debtors after all information on intercompany and insider claims and obligations become more clear.

12. Counsel for the Debtors has filed a fee application for the period from October 24, 2014 through November 30, 2014 in the amount of $96,256 in fees and $3,126.91 in expenses ("Initial Fee Application"). The Debtors propose that the financing from VRD will be subordinate to a carve out in the aggregate of $100,000 for Debtors' counsel and $25,000 for

Committee counsel. It is difficult to determine whether the Debtors are proposing that their counsel and Committee counsel would be paid from the proposed financing or would only be provided the carve-out.

13. The difficult aspect of a carve out for Debtors' counsel is the fact that the cases have not been consolidated and each of the Debtors has a different ability to pay counsel. UD and VIM are the entities that have the greatest likelihood of paying counsel but, at this time, it is not clear whether UD should agree or be required to bear the cost of work done for any of the other entities. The Committee supports a carve out of $75,000 for Debtors' counsel for work done allocable to UD and $50,000 for Committee counsel and the Committee accountant for work done through January 31, 2015. Further relief for counsel can be considered in late January.

14. The Committee reserves the right to raise other arguments at or before the hearing on the Joint Motion.

WHEREFORE, the Committee respectfully requests that this Court allow the Debtors' Joint Motion subject to the changes as suggested herein and grant such other relief as is appropriate.

This the 29th<sup>rd</sup> day of December, 2014.

       **NELSON MULLINS RILEY & SCARBOROUGH LLP**

       */s/ Terri L. Gardner*
       Terri L. Gardner, State Bar No. 9809
       GlenLake One, Suite 200
       4140 Parklake Avenue
       Raleigh, North Carolina 27612
       Telephone: (919) 329-3800
       Facsimile: (919) 329-3799
       Email: terri.gardner@nelsonmullins.com
       *Counsel for The Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:

| | |
|---|---|
| UNIVERSITY DIRECTORIES, LLC, *et al.*, | CASE NO. 14-81184 (CONSOLIDATED FOR PURPOSES OF ADMINISTRATION ONLY) |
| DEBTORS. | CHAPTER 11 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **RESPONSE BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF UNIVERSITY DIRECTORIES, LLC TO THE JOINT MOTION TO AUTHORIZE INTERCOMPANY POST-PETITION FINANCING** has been filed electronically in accordance with the Local Rules and was therefore served electronically on those entities that have properly registered for such electronic service and by depositing a copy thereof in the United States mail, postage prepaid, addressed to the parties below:

| | |
|---|---|
| William P. Miller<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | *Debtor's Counsel:*<br>John A. Northen<br>Vicki L. Parrott<br>Northen Blue, LLP<br>PO Box 2208<br>Chapel Hill, NC 27514-2208 |
| *Debtor:*<br>University Directories, LLC<br>88 Vilcom Center Drive, Suite 160<br>Chapel Hill, NC 27514 | *Counsel for UDX, LLC:*<br>James Seth Moore<br>Aaron Zachary Tobin<br>Anderson Tobin, PLLC<br>One Galleria Tower<br>13355 Noel Road, Suite 1900<br>Dallas, TX 75240 |
| *Counsel for UDX, LLC:*<br>Lindsey Ellis Powell<br>Anderson Jones, PLLC<br>PO Box 20248<br>Raleigh, NC 27619 | *Counsel for Edward S. Holmes, Jr.:*<br>William C. Smith, Jr.<br>Manning, Fulton & Skinner, PA<br>PO Box 20389<br>Raleigh, NC 27619-0389 |

*Counsel for Bank of North Carolina:*
Lauren A. Miller
George Franklin Sanderson, III
Ellis & Winters, LLP
PO Box 33550
Raleigh, NC 27636-3550

*Counsel for The University of Iowa:*
Gay D. Pelzer, Deputy General Counsel
The University of Iowa
Office of General Counsel
120 Jessup Hall
Iowa City, IA 52242-1316

*Counsel for Madison University Mall, LLC:*
John H. Capitano
Horack Talley Pharr & Lowndes, P.A.
2600 One Wachovia Center
301 South College Street
Charlotte, NC 28202-6038

*Counsel for James A. Heavner:*
Richard M. Hutson, II
Hutson Law Office, P.A.
PO Drawer 2252-A
Durham, NC 27702

This 29th day of December, 2014.

/s/ Terri L. Gardner
Terri L. Gardner